**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 30 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

PATRICIA G. BARNES,

Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

Defendant-Appellee.

No. 19-17203

D.C. No.
3:18-cv-00199-MMD-WGC

MEMORANDUM[*]

---

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted December 11, 2020
San Francisco, California

Before: BOGGS,[**] M. SMITH, and BENNETT, Circuit Judges.

Patricia Barnes applied at age sixty for one of five attorney–advisor positions

in the office of the Social Security Administration (SSA) in Reno, Nevada. Not

offered a job, she sued the SSA pro se, asserting four claims: (1) disparate-treatment

---

[*]     This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court
of Appeals for the Sixth Circuit, sitting by designation.

1

age discrimination under the Age Discrimination in Employment Act (ADEA), (2) disparate-impact age discrimination under the ADEA, (3) reprisal (retaliation) under the ADEA, and (4) retaliation under Title VII of the 1964 Civil Rights Act. Barnes appeals the district court's order dismissing her complaint for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291. We AFFIRM the district court's dismissal of Barnes's disparate-treatment, ADEA reprisal, and Title VII retaliation claims but REVERSE the dismissal of Barnes's disparate-impact claim and REMAND for further proceedings.

We review de novo an order of dismissal under Federal Rule of Civil Procedure 12(b)(6). *Depot, Inc. v. Caring for Montanans*, *Inc.*, 915 F.3d 643, 652 (9th Cir. 2019). To state a plausible claim for relief, a plaintiff is not required to show that the claim is probable. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). But "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Documents filed pro se are to "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted).

1. Barnes's disparate-treatment claim fails.[1] "[T]here is no disparate treatment under the ADEA when the factor motivating the employer is some feature other than the employee's age." *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 609 (1993). Barnes provides no facts to show that the hiring manager (or any other SSA employee) discriminated against her because of her age. In fact, the hiring manager's sworn testimony (upon which Barnes relies for her ADEA and Title VII retaliation claims) reveals that he declined to hire Barnes for reasons unrelated to her age: because he dislikes judges (Barnes is a former judge for two Native American tribes) and because her employment blog was a cause of "concern"—a "red flag" that she would be a difficult employee. That the hiring manager ultimately offered one of the five job openings to another applicant over the age of forty also undermines Barnes's disparate-treatment claim.

2. Barnes's ADEA and Title VII retaliation claims fail because the activity she alleges the SSA retaliated against—her employment blog covering harassment, bullying, and discrimination—was not protected activity. To have a cause of action

_____

[1] The federal provision of the ADEA, 29 U.S.C. § 633a(a), requires that "[a]ll personnel actions affecting employees or applicants for employment who are at least 40 years of age . . . shall be made free from any discrimination based on age." The Supreme Court recently held in *Babb v. Wilkie,* 140 S. Ct. 1168 (2020), that 29 U.S.C. § 633a(a) "demands that personnel actions be untainted by *any* consideration of age." *Babb*, 140 S. Ct. at 1171 (emphasis added). Even under *Babb*, Barnes must still show that age discrimination was the but-for cause to obtain the *damages* she seeks. *Ibid*. Injunctive and "other forward-looking relief" may be granted under a less demanding standard. *Id*. at 1178.

for ADEA or Title VII retaliation, the plaintiff must show she engaged in protected activity. *See, e.g.*, *O'Day v. McDonnell Douglas Helicopter Co.*, 79 F.3d 756, 763 (9th Cir. 1996); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002). "[T]he ADEA anti-retaliation provision is parallel to the anti-retaliation provision contained in Title VII, and . . . cases interpreting the latter provision are frequently relied upon in interpreting the former." *Hashimoto v. Dalton*, 118 F.3d 671, 675 n.1 (9th Cir. 1997) (quotation marks and citation omitted).  Under this court's precedent, activity is protected only if it opposes a specific employer's discriminatory practices. *EEOC v. Crown Zellerbach Corp.*, 720 F.2d 1008, 1013 (9th Cir. 1983) ("The employee's statement cannot be 'opposed to an unlawful employment practice' unless it refers to *some* practice by the employer that is allegedly unlawful.'") (internal quotation marks and emphasis omitted). Barnes's blog featured articles about age discrimination *generally* but not opposition to any SSA discrimination against her or others. It therefore was not protected activity under either the ADEA or Title VII.

3. Barnes does state a plausible disparate-impact claim. "Proof of discriminatory motive . . . is not required under a disparate-impact theory." *Hazen Paper*, 507 U.S. at 609 (quoting *Int'l Brotherhood of Teamsters v. United States*, 431 U.S. 324, 335–36 n.15 (1977) (ellipses in original)). Disparate-impact age discrimination occurs if an employer's facially neutral employment practices

4

adversely affect older workers. *Smith v. City of Jackson*, 544 U.S. 228, 239 (2005). The plaintiff is "responsible for isolating and identifying the *specific* employment practices that are allegedly responsible for any observed statistical disparities." *Id.* at 241 (quoting *Wards Cove Packing Co. v. Atonio*, 490 U.S. 642, 656 (1989), *superseded by statute on other grounds*, 42 U.S.C. § 2000e-2(k)). Barnes states a plausible disparate-impact claim by citing a specific employment practice: For no reason that is stated or apparent from the record, the SSA limited public notice of the job openings by notifying only the University of Nevada's law school and the local office of outgoing Peace Corps volunteers about the job openings.

Barnes alleges that these practices resulted in an applicant pool in which twenty-five out of twenty-seven applicants—over ninety percent—were under the age of forty. She alleges that the law school and Peace Corps have populations "with an average age well below 40," which the SSA does not dispute. Our experience and common sense tell us that notifying only some populations about the posting but not others could lead to an overrepresentation of the notified population in the applicant pool. Thus, Barnes's disparate-impact claim rises "above the speculative level" and is plausible. *Twombly*, 550 U.S. at 555.

Each party shall bear its own costs on appeal.

AFFIRMED in part, REVERSED in part, and REMANDED.