[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13153

_____

D.C. Docket No. 8:17-cv-03045-JSM-AEP

JACQUES A. DURR, M.D.,

Plaintiff - Appellant,

versus

SECRETARY, DEPARTMENT OF VETERANS AFFAIRS,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 7, 2021)

Before MARTIN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Jacques Durr appeals the district court's grant of summary judgment to the

Secretary of the Department of Veterans Affairs on his Title VII age and gender

discrimination and retaliation claims.  Durr brought his claims against the Secretary under 42 U.S.C. § 2000e-16.  That section prohibits discrimination against federal employees.  It says, "All personnel actions affecting employees or applicants for employment [in the Federal Government] . . . shall be made free from any discrimination based on race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-16.[1]

In the past, we had held that to succeed under that provision, a plaintiff must show that his protected activity or status was the but-for cause of the adverse employment action.  *See Trask v. Sec'y, Dep't of Veterans Affairs*, 822 F.3d 1179, 1194 (11th Cir. 2016).  Thus, when assessing a plaintiff's claim of discrimination based on circumstantial evidence, courts either applied the burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), or they asked whether the plaintiff had presented a "convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination." *See Lewis v. City of Union City*, 934 F.3d 1169, 1185 (11th Cir. 2019).  The district court here rejected Durr's claims under those standards.

---

[1] Though § 2000e-16 does not expressly prohibit retaliation for filing a charge based on those protected characteristics, we have explained that retaliation based on protected traits is itself discrimination.  *See Babb v. Sec'y, Dep't of Veterans Affairs*, 2021 WL 1219654, at *7 (11th Cir. Apr. 1, 2021); *Porter v. Adams*, 639 F.2d 273, 277–78 (5th Cir. Unit A Mar. 1981).

But following the Supreme Court's decision in *Babb v. Wilkie*, 140 S. Ct. 1168 (2020), we have recognized that a plaintiff no longer need show that his protected activity or status was the but-for cause of the adverse action to state a claim under § 2000e-16.  *Babb v. Sec'y, Dep't of Veterans Affairs*, 2021 WL 1219654, at *7 (11th Cir. Apr. 1, 2021).  Rather, a plaintiff's claim survives if "discrimination play[ed] *any part* in the way a decision [was] made."  *Babb*, 140 S. Ct. at 1174 (emphasis added); *see also Babb*, 2021 WL 1219654, at *3.  The relevant question is whether the protected characteristic was the "but-for cause of *differential treatment*," not whether it was the "but-for cause of *the ultimate decision*."  *Babb*, 140 S. Ct. at 1174; *see also Babb*, 2021 WL 1219654, at *9.  Because both the *McDonnell Douglas* framework and the convincing-mosaic test are methods of showing that the protected characteristic was the but-for cause of the ultimate decision, those tests no longer apply.  *Babb*, 2021 WL 1219654, at *8; *Lewis*, 934 F.3d at 1185–89 (using convincing-mosaic test to show that race and gender, and not other factors, were the but-for causes of Lewis's firing).

When it analyzed Durr's claims, the district court did not have the benefit of either the Supreme Court's decision or ours.  In light of those decisions, we **VACATE** and **REMAND** to the district court to decide in the first instance whether the Bay Pines Veterans Affairs Hospital's adverse employment actions against Durr satisfy the "free from any discrimination" standard.

3