**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**


ERIC S. ARTIS,
            Appellant,

            v.

TENNESSEE VALLEY AUTHORITY,
            Agency.

DOCKET NUMBER
AT-0752-14-0390-I-1

DATE: October 11, 2022


# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>James E. Bankston</u>, Florence, Alabama, for the appellant.

<u>Jennifer L. Grace</u>, Esquire, Knoxville, Tennessee, for the agency.


**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member


**FINAL ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 As further detailed in the initial decision, the appellant most recently held the position of Maintenance Coordinator at a power plant. Initial Appeal File (IAF), Tab 41, Initial Decision (ID) at 1. Among other things, that position required that he facilitate maintenance tasks by ensuring that they were coordinated appropriately and that the employees doing the hands-on work had the necessary information, instructions, parts, and tools. ID at 2.

¶3 In the fall of 2013, scheduled maintenance required that some transformers be temporarily grounded. *Id.* Because that work was done improperly, an electrical arc explosion occurred on October 2, 2013, injuring an electrician and causing approximately $100,000 in property damage. ID at 2-3. An investigatory team concluded that several human errors contributed to the improper grounding and resulting explosion. ID at 3. For their respective roles, two electricians received written warnings, a foreman received a 3-day suspension and demotion, and the agency proposed the appellant's removal. *Id.*

¶4 The proposal to remove the appellant included a narrative charge, explaining that he had been experiencing performance problems since taking the

Maintenance Coordinator position in January 2012, culminating in his failure to develop a work package with grounding plan, as instructed, which directly contributed to the October 2013 explosion. ID at 3-4; IAF, Tab 13 at 28-29. Following the appellant's response, the deciding official upheld his removal, effective December 20, 2013. ID at 4; IAF, Tab 13 at 19-26.

¶5 The appellant filed the instant appeal, challenging his removal and raising several affirmative defenses. ID at 4. After holding the requested hearing, the administrative judge found that the agency met its burden, ID at 5-20, 27-30, and the appellant did not meet his, ID at 20-27. Therefore, the administrative judge affirmed the appellant's removal. ID at 30. The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response, and the appellant has replied. PFR File, Tabs 3-4.

## The administrative judge properly found that the agency met its burden of proving the charges.

### *Charge 1 – Failure to Follow Instructions*

¶6 The administrative judge construed the narrative in the agency's proposal to remove the appellant as consisting of two charges. ID at 5. She characterized the first as a charge that the appellant directly contributed to the electrical explosion incident by failing to follow a direct instruction to help develop a work package. *Id.*; IAF, Tab 13 at 28. The administrative judge determined that the agency was required to show that the appellant was given a proper instruction and failed to follow it. ID at 5; *see Archerda v. Department of Defense*, 121 M.S.P.R. 314, ¶ 16 (2014) (recognizing that, to prove a charge of failure to follow instructions, an agency must establish that: (1) the employee was given proper instructions, and (2) the employee failed to follow the instructions, without regard to whether the failure was intentional or unintentional). The administrative judge found that the agency met that burden by proving that the appellant's direct supervisor properly instructed him to work with a foreman and systems engineer to develop a

work package with grounding plan, but the appellant failed to follow those instructions.  ID at 5-12.

¶7        On review, without citing any evidence, the appellant asserts that he was not given proper instructions because he lacked the training to develop a work package with grounding plan or otherwise perform the work himself to avoid the electrical explosion.  PFR File, Tab 1 at 8-15.  He generally shifts the blame for the explosion to the employees that conducted the improper grounding, suggesting that he should not be held responsible for their mistakes.  *Id.* However, the instructions at issue did not require the appellant to perform the work or develop the plan independently, without the necessary expertise.  Instead, the undisputed instructions were to coordinate with a foreman and systems engineer to develop the work package and grounding plan.  ID at 6; IAF, Tab 35, Hearing Compact Disc (HCD), Day 1 (testimony of the appellant's supervisor). That coordination is something the appellant acknowledges that he could have done, and it is consistent with the responsibilities of his Maintenance Coordinator position.  PFR File, Tab 1 at 9; IAF, Tab 23, Subtab K.  Had he followed those instructions, the systems engineer reportedly would have prevented the mistakes and resulting explosion.  ID at 11 n.9; IAF, Tab 35, HCD, Day 2 (testimony of the systems engineer).  Accordingly, the appellant has presented no basis for us to conclude that his alleged lack of expertise or the culpability of others is of any consequence to the failure to follow instructions charge underlying his removal.

¶8        The appellant's petition contains several other broad arguments concerning his failure to follow instructions.  For example, he alleges that the administrative judge "ignored agency witnesses['] testimony that was contrary to management's representations" and asserts that she "obviously did not factor in [agency] maintenance protocol that was detailed in testimony and confirmed by exhibits." PFR File, Tab 1 at 14.  However, these arguments are not supported by specific references to the record.  Without relevant details, such as what testimony, evidence, and maintenance protocols he is referring to, the appellant has

presented no basis for us to disturb the administrative judge's well-reasoned conclusion that the agency met its burden for this charge. *See Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980) (recognizing that before the Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determination is incorrect and identify the specific evidence in the record that demonstrates the error); 5 C.F.R. § 1201.114(b) (requiring that a petition for review "be supported by references to applicable laws or regulations and by specific references to the record").

*Charge 2 – Poor Performance*

¶9          The administrative judge characterized the second charge underlying the appellant's removal as one of poor performance, with separate specifications concerning:     (a) the planning and execution of high hazard jobs, (b) accountability and ownership, and (c) other areas.  ID at 5, 15.  She found that the agency failed to prove specifications (b) or (c) but nevertheless proved the charge based on specification (a) and the appellant's involvement in the October 2013 electrical explosion.  ID at 12-20.

¶10          On review, the appellant first argues that the administrative judge improperly considered prejudicial testimony and records of previous performance issues that had been removed from his personnel file following a grievance. PFR File, Tab 1 at 15-16.  We disagree.  Although the administrative judge discussed the appellant's prior performance issues, including actions that resulted from settlement of a related grievance, she explicitly noted that the information was provided only for purposes of background and context.  ID at 13-14.  Among other things, that background information explained how, when, and why the appellant moved into the position he held at the time of the October 2013 explosion.  ID at 14.

¶11          The appellant also presents a number of arguments specific to his performance as it relates to the October 2013 explosion.  PFR File, Tab 1 at 15-22.  For example, he asserts that any subpar performance concerning the

electrical explosion should have been negated by the fact that he was forced to perform the duties of two positions at that time. *Id.* at 17. He also suggests that managers had not enforced agency maintenance guidelines before and were only doing so now because of the resulting mistake and explosion. *Id.* at 18. Again, the appellant has failed to identify any evidence to support these bare assertions. Therefore, they are unavailing. *See Weaver*, 2 M.S.P.R. at 133; 5 C.F.R. § 1201.114(b). As detailed throughout the administrative judge's well-reasoned findings, the appellant's responsibilities included coordinating the work plan and temporary grounding of transformers in October 2013; his failure to do so contributed to grave results, including serious bodily harm to another employee and extensive damage to agency property, rendering his performance in the "planning and execution of high hazard jobs" unacceptable. ID at 2-16, 20.

The appellant failed to meet his burden of proving any affirmative defense.

¶12    Below, the appellant argued that his removal was improper retaliation for: (1) requesting an adjustment to his work schedule for child care purposes, and (2) filing a November 2011 grievance with the agency's Employee Concerns Office. IAF, Tab 33 at 4-5. The administrative judge found that the first matter did not constitute any sort of protected activity. ID at 20-21. She also found that, although the second matter was protected activity under 5 U.S.C. § 2302(b)(9)(A)(ii), the appellant failed to meet his burden of establishing a genuine nexus between that protected activity, his filing of the November 2011 grievance, and his removal.[2] ID at 21-23; *see Warren v. Department of the Army*, 804 F.2d 654, 656-58 (Fed. Cir. 1986) (requiring that an appellant show that he

---

[2] In its response to the appellant's petition for review, the agency argues that the prohibited personnel practice the administrative judge found applicable to the appellant's allegation of reprisal for a prior grievance is actually inapplicable because the Tennessee Valley Authority is a Government corporation. PFR File, Tab 3 at 8 n.3 (citing 5 U.S.C. § 2302(a)(2)(C)(i) (defining "agency" for purposes of section 2302)); ID at 21-22 (citing 5 U.S.C. § 2302(b)(9)(A)(ii)). Because the appellant has not reasserted this reprisal claim on review, we need not address the agency's argument.

engaged in protected activity, the accused official knew of the activity, the adverse action under review could have been retaliation under the circumstances, and there was a genuine nexus between the alleged retaliation and the adverse action), *superseded in part by statute as stated in Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 15 (2015); *Mattison v. Department of Veterans Affairs*, 123 M.S.P.R. 492, ¶ 8 (2016) (explaining that the *Warren* standard no longer applies in many other contexts but does still apply for purposes of an affirmative defense of retaliation under 5 U.S.C. § 2302(b)(9)(A)(ii) that does not involve equal employment opportunity activity protected under Title VII).

¶13    The appellant also asserted a race and sex discrimination affirmative defense below.  IAF, Tab 1 at 6.  The administrative judge found that although there was some evidence of prior management being unduly harsh in earlier years, the appellant failed to prove that race or sex discrimination was a motivating factor in his removal.  ID at 24-27; *see Pridgen v. Office of Management & Budget*, 2022 MSPB 31, ¶¶ 20-22 (setting forth the standards for an affirmative defense of race or sex discrimination, including the requirement that an appellant prove that the prohibited consideration was either a motivating factor, a but-for causation, or both, in the challenged personnel action).[3]

¶14    On review, mixed with his arguments concerning the agency's proof of its charges, the appellant uses the word "retaliation" in one instance, but does so without implicating either of the retaliation claims he previously raised.  PFR File, Tab 1 at 5.  Instead, the appellant refers to "retaliation" while

---

[3] Because we affirm the administrative judge's finding that the appellant failed to meet his initial burden to prove that race or sex was a motivating factor in the agency's actions, we need not resolve the issue of whether the appellant or the agency has the burden to prove that discrimination or retaliation was a "but-for" cause of the agency's decisions.  *See Babb v. Wilkie*, 589 U.S. ____, 140 S. Ct. 1168, 1173-74, 1176-78 (2020) (holding that, in claims of discrimination in Federal employment arising under the Age Discrimination in Employment Act, an employer engages in illegal discrimination "if age discrimination plays any part in the way a decision is made," but that an employee must prove the discrimination was a but-for cause of the agency's action to obtain full relief).

appearing to reassert his race discrimination claim. *Id.* The appellant alleges, generally, that African American managers were subject to disparate treatment at the agency. *Id.* at 5-6. According to the appellant, this was particularly so in years past, under prior management. *Id.* at 16, 22-23. The appellant also suggests that his most recent supervisors were racist and prejudiced, "as demonstrated by the volatile language" they used to describe him. *Id.* at 13, 17-18.

¶15    The administrative judge fully addressed the aforementioned allegations. ID at 24-27. Among other things, she recognized that the proposing official allegedly had referred to the appellant as arrogant and worthless but found that, even if true, the references had no racial connotation. ID at 24, 26. She also considered prior management's alleged harsh treatment of subordinates but found that to have little bearing on whether current management had a discriminatory motive in removing the appellant. ID at 25. The administrative judge concluded that, although the appellant presented broad allegations of discrimination, he failed to support his discrimination affirmative defense with detailed or specific evidence. ID at 26-27. We find no basis for reaching a different conclusion. Although the appellant generally has referred to the agency's actions as discriminatory, he has done so without identifying specific support for the claim. *See supra* ¶ 14. Therefore, we agree with the administrative judge's well-reasoned conclusion that the appellant failed to meet his burden of proving that race or sex was a motivating factor in his removal. *See Pridgen*, 2022 MSPB 31, ¶¶ 20-25.

The appellant has presented no other basis for disturbing the initial decision.

¶16    On review, the appellant challenges the administrative judge's delay between the hearing and her issuance of the initial decision. PFR File, Tab 1 at 6-7. It is clear, however, that the administrative judge at all times had access to the complete record, including the hearing compact disc. We find, therefore, that the appellant has not shown that the delay constituted an adjudicatory error

that prejudiced his substantive rights. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984). We also recognize that the appellant's representative has repeatedly expressed his personal views about several aspects of the appellant's employment and removal, citing his past experience as an agency electrical operator, system dispatcher, and electrician. PFR File, Tab 1 at 22. However, these assertions are unavailing. The statements of a party's representative in a pleading do not constitute evidence. *Marcantel v. Department of Energy*, 121 M.S.P.R. 330, ¶ 6 n.1 (2014).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **<u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.