# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LEONARD ENGLISH, JR.,
          Appellant,

v.

SMALL BUSINESS
   ADMINISTRATION,
          Agency.

DOCKET NUMBER
DE-0752-16-0306-I-1

DATE: February 3, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Leonard English, Jr., Aurora, Colorado, pro se.

Ashley E. Obando, Esquire, and Beverley E. Hazlewood, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's action suspending him for 30 days. Generally, we grant petitions such as this one only in the following circumstances: the initial decision

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED by this Final Order to address the administrative judge's analysis of the appellant's discrimination claims, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        The agency suspended the appellant for 30 days from his Surety Bond Guarantee Specialist position based on charges of (1) Failure to Follow the Instruction of a Duly Recognized Authority (Supervisor) (two specifications), (2) Continuing Disrespectful and Disruptive Conduct (one specification), (3) Absence Without Leave (one specification), and (4) Unprofessional Conduct (five specifications).  Initial Appeal File (IAF), Tab 7 at 4-7, 22-27, Tab 14 at 19-20.  Charges 1 and 3 arose from the appellant's failure to report for duty after his supervisor terminated his telework agreement based upon her determination that his performance had fallen below expectations.  IAF, Tab 7 at 4.  Charge 2 related to an email the appellant sent to agency management on the same morning he refused to report to duty, in which he stated that he felt unsafe in the office because his supervisor was volatile, hostile, and harassing him. *Id.* at 6.  The agency asserted that this email constituted an attempt to delay and circumvent his supervisor's instruction to report for duty and required the

agency to expend resources to investigate his safety when he had no credible claim of potential workplace violence. *Id.* at 7-8. Charge 4 set forth five instances in which the appellant made unprofessional statements to his supervisor and to agency customers. *Id.* at 6-7, 9.

¶3     On appeal, the appellant disputed the agency's charges, alleged that the action was based on reprisal for whistleblowing, and asserted that the action was based on discrimination (race, color, sex, age, and reprisal for filing equal employment opportunity (EEO) complaints), harmful error, and reprisal for filing Board appeals. IAF, Tab 1 at 4-5, Tab 6 at 5-23, Tab 18 at 5-15, 21-32, Tab 20 at 2-6, Tab 22 at 2-4. After the appellant withdrew his request for a hearing, the administrative judge affirmed the agency's action. IAF, Tabs 45-46, Tab 49, Initial Decision (ID) at 1, 40. The administrative judge found that the agency proved one specification of charge 1, the sole specification underlying charge 2, the sole specification underlying charge 3, which he found merged with charge 1, and all five specifications underlying charge 4. ID at 3-16. He further found that there was a nexus between the sustained charges and the efficiency of the service. *Id.* Finally, the administrative judge found that the appellant did not prove any of his 30 affirmative defenses and that the 30-day suspension was a reasonable penalty. ID at 16-40. Regarding his whistleblowing reprisal claim, the administrative judge held that only two of the appellant's disclosures were protected and a contributing factor in the suspension. ID at 27-34. Nevertheless, the administrative judge also found that the agency proved by clear and convincing evidence that it would have suspended the appellant in the absence of those disclosures. ID at 34-37.

¶4     The appellant has filed a timely petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency has filed a response to the petition for review, and the appellant has filed a reply to the agency's response. PFR File, Tabs 3-4. After the close of the record on review, PFR File, Tab 2, the appellant filed a motion to amend the bases for his discrimination claims, PFR

File, Tab 5. In this regard, the appellant seeks to withdraw his claims of discrimination based on color, sex, and age. *Id.* at 4. The appellant has not, however, requested and obtained leave from the Clerk of the Board to file this motion, *see* 5 C.F.R. § 1201.114(a)(5), nor has he shown that his motion is based on evidence and argument that was not readily available before the record closed on review, *see* 5 C.F.R. § 1201.114(k). Therefore, we deny the appellant's motion. In any event, the administrative judge already considered these claims, and we find that permitting withdrawal of them at this stage of the proceeding would be inappropriate. *See Whitehurst v. Tennessee Valley Authority*, 43 M.S.P.R. 486, 493-94 (1990); *Moton v. U.S. Postal Service*, 25 M.S.P.R. 639, 640 (1985). To the extent that he wishes to pursue these claims in a different forum, the appellant may request the Equal Employment Opportunity Commission to review the Board's final decision on those claims or file a civil action in an appropriate U.S. district court. *See* 5 C.F.R. § 1201.157.

¶5 The appellant also has filed, after the record closed on review, a motion for leave to file an additional pleading. PFR File, Tab 10. He asserts that he has new and relevant information that relates to his whistleblower allegations and shows that a management official made false statements. *Id.* at 4-5.

¶6 Pleadings allowed on review include a petition for review, a cross petition for review, a response to a petition for review, a response to a cross petition for review, and a reply to a response to a petition for review. 5 C.F.R. § 1201.114(a). No other pleading will be accepted unless the party files a motion with and obtains leave from the Clerk of the Board. 5 C.F.R. § 1201.114(a)(5). Such a motion must describe the nature of and need for the pleading. *Id.* Here, the appellant has not sufficiently explained the nature of the information in question and how this alleged new evidence would change the outcome of his appeal. Therefore, we deny the appellant's motion for leave to file an additional pleading.

<u>The appellant has not shown that the administrative judge abused his discretion in his rulings on witnesses.</u>

¶7    The appellant contends that the administrative judge improperly denied his request for two witnesses, "even though part of my defense involves them," and improperly denied his request for a third witness who allegedly was involved in the decision-making process for the 30-day suspension. PFR File, Tab 1 at 6-7.

¶8    An administrative judge has wide discretion under 5 C.F.R. § 1201.41(b)(8), (10) to exclude witnesses when it has not been shown that their testimony would be relevant, material, and nonrepetitious. *Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 42 (2014). The administrative judge found that the appellant did not show that the witnesses in question would provide relevant testimony because they were essentially individuals to whom the appellant had complained about the proposing and deciding officials and who had allegedly failed to take action against those officials. IAF, Tab 44 at 2-3. We find that the appellant has not shown an abuse of discretion by the administrative judge.

<u>The appellant has shown no error in the administrative judge's factual findings.</u>

¶9    The appellant asserts that the administrative judge did not conduct an analysis of the witnesses' credibility under *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987), improperly found his allegations to be "incredible," and made no reference to some of the evidence he submitted. PFR File, Tab 1 at 5-8. The appellant does not, however, identify on review the particular disputes of material fact for which he believes the administrative judge failed to resolve issues of credibility. Moreover, the administrative judge provided a persuasive explanation as to why he found not credible the appellant's assertions that he feared for his safety after his supervisor ordered him to report to work and that his supervisor provoked him into making sarcastic and unprofessional comments. The administrative judge found that the appellant's fear for his safety was not reasonable because he made the claim when both he and his supervisor were not in the office, and he subsequently provided the agency with only

conclusory assertions as to why he believed he was in a hostile and retaliatory environment. ID at 8-9. The administrative judge further found that the appellant's supervisor did not provoke his sarcastic and unprofessional comments, as alleged by the appellant, because the appellant, among other things, made other incredible arguments about his supervisor's behavior. ID at 11-12. These findings incorporate some of the *Hillen* factors, including the appellant's opportunity, as to place, time, proximity, and similar factors, to observe the event or act at issue, the appellant's character, the contradiction by or consistency with other evidence in the case, and the inherent improbability of the appellant's version of events. *See Hillen*, 35 M.S.P.R. at 458-61; *see also Hawkins v. Smithsonian Institution*, 73 M.S.P.R. 397, 403-04 (1997) (finding that credibility determinations made concerning one matter in a case may be considered in determining credibility in another matter). In any event, an administrative judge's failure to mention all of the evidence of record or to address every *Hillen* factors does not mean that he did not consider them in reaching his decision. *Mithen v. Department of Veterans Affairs*, 122 M.S.P.R. 489, ¶ 14 (2015), *aff'd*, 652 F. App'x 971 (Fed. Cir. 2016). Thus, the appellant has shown no error in the administrative judge's factual findings.

The appellant has not proven his discrimination claims.

¶10      The Age Discrimination in Employment Act states that "personnel actions . . . shall be made free from any discrimination based on age." 29 U.S.C. § 633a(a). Similarly, Title VII requires that such actions "shall be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a). Thus, an appellant may prove a claim of discrimination by showing that such discrimination "play[ed] any part" in the way a decision was made. *Babb v. Wilkie*, 140 S. Ct. 1168, 1173-74 (2020); *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 21. A finding that prohibited discrimination played "any part" in the contested action is the same as a finding of "motivating factor." *Pridgen*, 2022 MSPB 31, ¶ 21. Although an appellant

who proves motivating factor and nothing more may be entitled to injunctive or other forward-looking relief, to obtain the full measure of relief available under the statute, including status quo ante relief, compensatory damages, or other forms of relief related to the end result of an employment decision, the appellant must show that discrimination was a "but-for" cause of the employment outcome. *Id.*, ¶ 22. One may prove discrimination under these different standards of proof by various methods, including comparator evidence. *Id.*, ¶¶ 23-24.

¶11     The appellant contends that he established a prima facie case of discrimination based on race, color, age, and sex because he submitted comparator information and the agency treated him in a disparate manner as the only member of his class that was disciplined. PFR File, Tab 1 at 8. He contends that the administrative judge incorrectly found that he did not provide comparator information and that such information can be found in his Exhibit HHH. *Id.*; IAF, Tab 41 at 76-77. As set forth below, however, even considering this exhibit, we find that the appellant has shown no error in the administrative judge's determination that the appellant did not prove his discrimination claims.

¶12     The primary basis for the appellant's discrimination claims is his assertion of disparate treatment. PFR File, Tab 1 at 8; *see Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 42 (noting that comparator evidence consists of evidence that employees similarly situated to the appellant other than in the characteristic on which the agency is forbidden to base a difference in treatment received better treatment), *overruled in part by Pridgen*, 2022 MSPB 31, ¶¶ 23-25. Although the appellant has identified other individuals in his office who were not in his protected classes, IAF, Tab 41 at 2, 76-77, which he has described as his hand-numbered pages 18 and 19 of Exhibit HHH, he has not alleged or shown that these individuals were similarly situated to him, i.e., that they, among other things, engaged in misconduct similar to the misconduct underlying the 30-day suspension in this case, *see Hooper v. Department of the Interior*, 120 M.S.P.R. 658, ¶ 6 (2014) (finding employees similarly situated for

purposes of an affirmative defense of discrimination based on disparate treatment when all relevant aspects of the appellant's employment situation are "nearly identical" to those of the comparator employee, including having engaged in misconduct similar to the comparator employee without differentiating or mitigating circumstances). While the appellant alleged that a coworker failed to follow the same procedures for which he received a reprimand in 2015, made three unsubstantiated complaints against the appellant, engaged in a "loud, profane laced tirade in the office," and was suspected of time and attendance abuse, IAF, Tab 18 at 16-17, there is no indication that this individual engaged in similar misconduct to that proven in this case or had a disciplinary record similar to the appellant's disciplinary record. Having considered this and all of the other evidence on this issue, we find that the appellant has not shown by preponderant evidence that his 30-day suspension was motivated by discriminatory animus.

¶13      The appellant also asserts that the administrative judge improperly accepted the statements of the proposing and deciding officials that his EEO activity was not a factor in the agency's action. PFR File, Tab 1 at 9. He further contends that the deciding official was motivated to retaliate against him because the deciding official provided an EEO affidavit only 15 days before he issued the 30-day suspension decision notice. *Id.* In addition, the appellant asserts that the administrative judge did not consider several EEO affidavits. *Id*.

¶14      Claims of retaliation for opposing discrimination in violation of Title VII are analyzed under the same framework used for Title VII discrimination claims. *Pridgen*, 2022 MSPB 31, ¶ 30. Thus, the appellant must establish by preponderant evidence that his EEO activity was at least a motivating factor in his suspension. *Id.*, ¶ 31. The administrative judge found that, although the proposing and deciding officials were aware of the appellant's May 2014 and July 2015 EEO complaints, they submitted a sworn affidavit and declaration made under penalty of perjury indicating that the complaints had no bearing on their decisions. ID at 19; IAF, Tab 47 at 21, 27-28, 46, 51-52. Sworn statements, such

as affidavits and declarations, which are not rebutted are competent evidence of the matters asserted therein. *Aldridge v. Department of Agriculture*, 110 M.S.P.R. 21, ¶ 9 (2008). Moreover, the administrative judge held that the appellant did not prove this claim because the only evidence in support of his claim was the acting officials' knowledge of the complaints, the reasons and evidence supporting the action were strong, and any inference of reprisal was insubstantial. ID at 19. As set forth above, the administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it. *Mithen*, 122 M.S.P.R. 489, ¶ 14. Thus, based on all of the evidence of record, we find that the appellant has not shown that his EEO complaints were a motivating factor in his 30-day suspension.[2]

<u>The appellant has not shown that the action was based on harmful error.</u>

¶15    The appellant contends that the agency committed harmful error when it disciplined him for teleworking on November 3, 2015, even though the basis for revoking his telework privileges did not become effective until November 5, 2015, and that his supervisor's decision to revoke his telework privileges otherwise violated the agency's standard operating procedures. PFR File, Tab 1 at 9-10. An agency's decision may not be sustained if the employee shows harmful error "in the application of the agency's procedures in arriving at such decision." 5 U.S.C. § 7701(c)(2)(A); *see* 5 C.F.R. § 1201.56(c)(1). To prove harmful error, the appellant must show that the agency committed an error in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. 5 C.F.R. § 1201.4(r).

---

[2] Because we affirm the administrative judge's finding that the appellant failed to meet his initial burden to prove that race, color, age, sex, or retaliation for EEO activity were motivating factors in the agency's decision, we need not resolve the issue of whether the appellant proved that discrimination and/or retaliation was a "but-for" cause of the agency's decision. *See Pridgen*, 2022 MSPB 31, ¶¶ 20-22, 30-33.

¶16    The errors identified by the appellant relate to his supervisor's decision to revoke his telework privileges.  Thus, such errors predated his failure to follow his supervisor's instruction and concern the circumstances under which the charged misconduct occurred.  The Board has held that such errors do not come within the harmful error rule because they do not concern the procedures the agency applied in arriving at its decision to suspend the appellant for the charged misconduct.  *See Boatman v. Department of Justice*, 66 M.S.P.R. 58, 63 (1994); *Livingston v. Department of the Air Force*, 26 M.S.P.R. 273, 275 (1985).  In any event, even assuming that the agency committed a procedural error in revoking the appellant's telework privileges, the administrative judge correctly found that the appellant did not have an unfettered right to disregard his supervisor's instructions; rather, he was required to obey the order, even if he believed it to be improper, and protest its propriety later.  ID at 20; *see Howarth v. U.S. Postal Service*, 77 M.S.P.R. 1, 7 (1997).  Thus, he has not shown that the agency likely would have reached a different conclusion in the absence or cure of any error.  The appellant has otherwise shown no basis for disturbing the administrative judge's finding that he did not prove harmful error.

The appellant has not shown that the action was based on reprisal for filing Board appeals.

¶17    The appellant contends that the prior individual right of action (IRA) appeals he had filed with the Board, in which he alleged that the proposing and deciding officials had retaliated against him for whistleblowing by issuing him two letters of reprimand and not placing him in the office's line of succession, were contributing factors in his 30-day suspension and that the agency did not prove that it would have suspended him in the absence of those appeals.  PFR File, Tab 1 at 14-15; ID at 25; IAF, Tab 18 at 50-53, 273-78.  He asserts that, instead of finding that the acting officials only had a "substantial" motive to retaliate based on the Board appeals, the administrative judge should have found that they had a strong motive to retaliate.  *Id.*

¶18      Under 5 U.S.C. § 2302(b)(9)(A)(i), an employee who has the authority to take any personnel action shall not, with respect to such authority, take any personnel action because of the exercise of any appeal with regard to remedying a violation of 5 U.S.C. § 2302(b)(8). The administrative judge found that the proposing official was aware of one of the IRA appeals and that the deciding official was aware of both IRA appeals, before they proposed and decided to suspend the appellant. ID at 23. Given the relatively short period of time between the dates on which the officials learned of the appeals and the appellant's suspension, the administrative judge found that the appellant proved that the appeals were a contributing factor in his suspension. ID at 23-24. Nevertheless, the administrative judge also found, based on an analysis of the factors set forth in *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999), and the principles set forth in *Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012), that the agency proved by clear and convincing evidence that it would have suspended the appellant even absent his Board appeals.[3] ID at 24-25. In this regard, the administrative judge found that the agency's evidence in support of its action was "quite strong," and any motive to retaliate was only "substantial," and not "strong," because he had found in the appellant's IRA appeals that the proposing and deciding officials did not retaliate against the appellant. *Id.* In the absence of any evidence regarding whether the agency took similar actions against similarly situated individuals who had not filed such Board appeals, a factor that the administrative judge found to be neutral in this case, the administrative judge concluded that he was "left with the firm belief that the

---

[3] Historically, the Board has been bound by the precedent of the U.S. Court of Appeals for the Federal Circuit on these types of whistleblower issues. However, pursuant to the All Circuit Review Act, Pub. L. No. 115-195, 132 Stat. 1510, appellants may file petitions for judicial review of Board decisions in whistleblower reprisal cases with any circuit court of appeals of competent jurisdiction. *See* 5 U.S.C. § 7703(b)(1)(B). Therefore, we must consider these issues with the view that the appellant may seek review of this decision before any appropriate court of appeal.

agency would have taken the same actions even absent the appellant's Board appeals." ID at 25. The appellant has not provided a persuasive basis for finding that any motive to retaliate based on his Board appeals was "strong" in this case rather than "substantial," or for otherwise disturbing the administrative judge's findings on this issue, which considered the evidence in the record in the aggregate, including evidence that fairly detracted from the conclusion that the agency met its burden by clear and convincing evidence. ID at 24; *see Whitmore*, 680 F.3d at 1368.

<u>The appellant has not shown that the majority of his disclosures were protected and a contributing factor in his 30-day suspension.</u>

¶19    The appellant asserts that his disclosures were a contributing factor in his 30-day suspension because the proposing and deciding officials knew or should have known about those disclosures given that the Workforce Relations Division, which wrote the proposal and decision letters for those officials, "had to tell [them] about my protected disclosures." PFR File, Tab 1 at 12-16, 19-20. The administrative judge found that, for most of the appellant's alleged disclosures, he merely asserted that he suspected that the proposing and deciding officials knew of the disclosures, yet cited no evidence for his suspicions, and the officials in question denied, under penalty of perjury, knowing of the alleged disclosures. ID at 27-32. The appellant has shown no error in these findings.

¶20    Moreover, under 5 U.S.C. § 1221(e)(1), an employee may show that a disclosure or protected activity was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action "knew of the disclosure or protected activity" and the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or protected activity was a contributing factor in the personnel action. The appellant has provided no support for his contention that the contributing factor test can be met based solely on a claim that an acting official should have known about a disclosure. *Cf. Bradley v. Department of*

*Homeland Security*, [123 M.S.P.R. 547](), ¶ 15 (2016) (finding that an appellant can show that a protected disclosure was a contributing factor in a personnel action by proving that the official taking the action had constructive knowledge of the protected disclosures, i.e., that an individual with actual knowledge of the disclosure influenced the official accused of taking the retaliatory action).

¶21    In addition, the appellant contends that some of his disclosures evidenced an abuse of authority.  PFR File, Tab 1 at 11.  He does not, however, identify which of his many alleged disclosures he believes evidenced such an abuse of authority.  *Id.*  Even assuming that some of the appellant's disclosures evidenced such abuse, the administrative judge correctly found that he did not prove that any such disclosures were a contributing factor in his 30-day suspension and that the agency submitted clear and convincing evidence that it would have taken the same action in the absence of his disclosures.  ID at 27-37.

The agency proved by clear and convincing evidence that it would have taken the same action in the absence of the appellant's disclosures.

¶22    In determining whether an agency has shown by clear and convincing evidence that it would have taken the personnel action in the absence of the protected activity, the Board will consider all of the relevant factors, including the following factors (*Carr* factors):  (1) The strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who did not engage in such protected activity, but who are otherwise similarly situated. *Soto v. Department of Veterans Affairs*, [2022 MSPB 6](), ¶ 11; *see Carr*, 185 F.3d at 1323.  The appellant contends, as to *Carr* factor two, that the administrative judge did not consider all of his protected disclosures that would have caused management officials to be strongly motivated to retaliate against him.  PFR File, Tab 1 at 5.  The administrative judge found, however, that all but two of the appellant's disclosures were either not protected or were not a contributing factor

in his 30-day suspension. ID at 27-34. Thus, there was no basis for the administrative judge to address whether there was a motive to retaliate based on any of these other disclosures.

¶23    The appellant also asserts, regarding *Carr* factor three, that the administrative judge ignored other surety bond specialists and a supervisor, who he alleges engaged in more severe misconduct but who were not disciplined. PFR File, Tab 1 at 5-6, 21. *Carr* factor three addresses any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated to the appellant. *Carr*, 185 F.3d at 1323. For an employee to be considered similarly situated to an individual who is disciplined, it must be shown that the conduct and the circumstances surrounding the conduct of the comparison employee are similar to those of the disciplined individual. *Id.* at 1326. The record does not establish that the individuals identified by the appellant engaged in misconduct similar to that involved in this case. For example, as set forth above, the appellant alleged that a coworker who was not a whistleblower and who was not disciplined failed to follow the same procedures for which he received a reprimand in 2015, made three unsubstantiated complaints against the appellant, engaged in a "loud, profane laced tirade in the office," and was suspected of time and attendance abuse. IAF, Tab 18 at 16-17. Similarly, the appellant alleged that his supervisor was not a good leader, did not bring people together, did not conduct regular staff meetings, had a "very questionable" time and attendance record, made numerous errors, sent harassing emails, lacked candor, gave her friends preferential treatment, failed to maintain employee privacy, and was generally incompetent. IAF, Tab 48 at 53-54. These allegations are not similar to the misconduct the appellant engaged in that the agency has proven in this case. Moreover, the deciding official averred that "[t]here were no comparators who had been charged with similar behavior as identified in the [proposal] letter." IAF, Tab 47 at 52.

¶24    Because it is the agency's burden of proof, when the agency fails to introduce relevant comparator evidence, the third *Carr* factor cannot weigh in favor of the agency. *Soto*, 2022 MSPB 6, ¶ 18; *see Rickel v. Department of the Navy*, 31 F.4th 1358, 1365-66 (Fed. Cir. 2022) ("The lack of evidence on the third *Carr* factor appears neutral[.]") (internal citations omitted). If the first two *Carr* factors are only supported by weak evidence, the failure to present evidence on the third *Carr* factor may prevent the agency from carrying its overall burden. *Smith v. Department of the Army*, 2022 MSPB 4, ¶ 30; *see Miller v. Department of Justice*, 842 F.3d 1252, 1262-63 (Fed. Cir. 2016) (where an agency presented little or weak evidence for the first two *Carr* factors, the lack of *Carr* factor three evidence "if anything[] tends to cut slightly against the government"). Although the appellant contends that an absence of evidence regarding *Carr* factor three "may well cause the agency to fail to prove its case overall," PFR File, Tab 1 at 20, we agree with the administrative judge that any absence of such evidence in this case does not warrant a finding that the agency did not meet its burden, ID at 36; *see Whitmore*, 680 F.3d at 1374 (holding that the absence of any evidence relating to *Carr* factor three can effectively remove that factor from the analysis). As found by the administrative judge, the agency's evidence in support of its action was quite strong, and any motive to retaliate was slight at best for one of the protected disclosures[4] and moderate for the other disclosure. ID at 35-36.

---

[4] The administrative judge found that the acting officials' motive to retaliate against the appellant for his April 18, 2014 disclosure that a coworker abused time and attendance requirements was "only slight" because there was no evidence that anyone was embarrassed, implicated, or more than slightly inconvenienced by the disclosure. ID at 35. We have found that those responsible for the agency's performance overall may well be motivated to retaliate even if they are not directly implicated by the disclosures as the criticism reflects on them in their capacities as managers and employees. *Wilson v. Department of Veterans Affairs*, 2022 MSPB 7, ¶ 65; *Smith*, 2022 MSPB 4, ¶¶ 28-29. Nonetheless, to the extent the acting officials may have harbored retaliatory animus against the appellant because of possible concerns that the conduct that the appellant disclosed reflected badly on the agency, we find that any motive to retaliate was slight.

Thus, we find that the appellant has shown no error in the administrative judge's determination that the agency proved by clear and convincing evidence that it would have taken the same action in the absence of his disclosures.

¶25      Accordingly, we deny the appellant's petition for review.[5]

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[5] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **<u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.