Justice ALITO delivered the opinion of the Court.*
*1171 The federal-sector provision of the Age Discrimination in Employment Act of 1967 (ADEA), 88 Stat. 74, 29 U.S.C. § 633a(a), provides (with just a few exceptions) that "personnel actions" affecting individuals aged 40 and older "shall be made free from any discrimination based on age." We are asked to decide whether this provision imposes liability only when age is a "but-for cause" of the personnel action in question.
We hold that § 633a(a) goes further than that. The plain meaning of the critical statutory language ("made free from any discrimination based on age") demands that personnel actions be untainted by any consideration of age. This does not mean that a plaintiff may obtain all forms of relief that are generally available for a violation of § 633a(a), including hiring, reinstatement, backpay, and compensatory damages, without showing that a personnel action would have been different if age had not been taken into account. To obtain such relief, a plaintiff must show that age was a but-for cause of the challenged employment decision. But if age discrimination played a lesser part in the decision, other remedies may be appropriate.
I
Noris Babb, who was born in 1960, is a clinical pharmacist at the U.S. Department of Veterans Affairs Medical Center in Bay Pines, Florida. Babb brought suit in 2014 against the Secretary of Veterans Affairs (hereinafter VA), claiming that she had been subjected to age and sex discrimination, as well as retaliation for engaging in activities protected by federal anti-discrimination law. Only her age-discrimination claims are now before us.
Those claims center on the following personnel actions. First, in 2013, the VA took away Babb's "advanced scope" designation, which had made her eligible for promotion on the Federal Government's General Scale from a GS-12 to a GS-13.[1] Second, during this same time period, she was denied training opportunities and was passed over for positions in the hospital's anticoagulation clinic. Third, in 2014, she was placed in a new position, and while her grade was raised to GS-13, her holiday pay was reduced. All these actions, she maintains, involved age discrimination, and in support of her claims, she alleges, among other things, that supervisors made a variety of age-related comments.
The VA moved for summary judgment and offered non-discriminatory reasons for *1172 the challenged actions, and the District Court granted that motion. Evaluating each of Babb's claims under the burden-shifting framework outlined in McDonnell Douglas Corp. v. Green , 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the court found that Babb had established a prima facie case, that the Secretary had proffered legitimate reasons for the challenged actions, and that no jury could reasonably conclude that those reasons were pretextual.
Babb appealed, contending that the District Court should not have used the McDonnell Douglas framework because it is not suited for "mixed motives" claims. She argued that under the terms of the ADEA's federal-sector provision, a personnel action is unlawful if age is a factor in the challenged decision. As a result, she explained that even if the VA's proffered reasons were not pretextual, it would not necessarily follow that age discrimination played no part.
The Eleventh Circuit panel that heard Babb's appeal found that her argument was "foreclosed" by Circuit precedent but added that it might have agreed with her if it were "writing on a clean slate." Babb v. Secretary, Dept. of Veterans Affairs , 743 Fed.Appx. 280, 287 (2018) (citing Trask v. Secretary, Dept. of Veterans Affairs , 822 F.3d 1179 (CA11 2016) ).
We granted certiorari, 588 U.S. ----, 139 S.Ct. 2775, 204 L.Ed.2d 1156 (2019), to resolve a Circuit split over the interpretation of § 633a(a).
II
That provision of the ADEA states in relevant part: "All personnel actions affecting employees or applicants for employment who are at least 40 years of age ... shall be made free from any discrimination based on age." 29 U.S.C. § 633a(a).
The Government interprets this provision to impose liability only when age is a but-for cause of an employment decision. According to the Government, even if age played a part in such a decision, an employee or applicant for employment cannot obtain any relief unless it is shown that the decision would have been favorable if age had not been taken into account. This interpretation, the Government contends, follows both from the meaning of the statutory text and from the "default rule" that we have recognized in other employment discrimination cases, namely, that recovery for wrongful conduct is generally permitted only if the injury would not have occurred but for that conduct. See, e.g. , University of Tex. Southwestern Medical Center v. Nassar , 570 U.S. 338, 346-347, 133 S.Ct. 2517, 186 L.Ed.2d 503 (2013).
Babb interprets the provision differently. She maintains that its language prohibits any adverse consideration of age in the decision-making process. Accordingly, she argues proof that age was a but-for cause of a challenged employment decision is not needed.
A
Which interpretation is correct? To decide, we start with the text of the statute, see Gross v. FBL Financial Services, Inc. , 557 U.S. 167, 175, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009), and as it turns out, it is not necessary to go any further. The plain meaning of the statutory text shows that age need not be a but-for cause of an employment decision in order for there to be a violation of § 633a(a). To explain the basis for our interpretation, we will first define the important terms in the statute and then consider how they relate to each other.
1
Section 633a(a) concerns "personnel actions," and while the ADEA does not define *1173 this term, its meaning is easy to understand. The Civil Service Reform Act of 1978, which governs federal employment, broadly defines a "personnel action" to include most employment-related decisions, such as appointment, promotion, work assignment, compensation, and performance reviews. See 5 U.S.C. § 2302(a)(2)(A). That interpretation is consistent with the term's meaning in general usage, and we assume that it has the same meaning under the ADEA.
Under § 633a(a), personnel actions must be made "free from" discrimination. The phrase "free from" means "untainted" or "[c]lear of (something which is regarded as objectionable)." Webster's Third New International Dictionary 905 (def. 4(a)(2)) (1976); 4 Oxford English Dictionary 521 (def. 12) (1933); see also American Heritage Dictionary 524 (def. 5(a)) (1969) (defining "free" "used with from" as "[n]ot affected or restricted by a given condition or circumstance"); Random House Dictionary of the English Language 565 (def. 12) (1966) (defining "free" as "exempt or released from something specified that controls, restrains, burdens, etc."). Thus, under § 633a(a), a personnel action must be made "untainted" by discrimination based on age, and the addition of the term "any" ("free from any discrimination based on age") drives the point home.[2] And as for "discrimination," we assume that it carries its " 'normal definition,' " which is " 'differential treatment.' " Jackson v. Birmingham Bd. of Ed. , 544 U.S. 167, 174, 125 S.Ct. 1497, 161 L.Ed.2d 361 (2005).
Under § 633a(a), the type of discrimination forbidden is "discrimination based on age," and "[i]n common talk, the phrase 'based on' indicates a but-for causal relationship." Safeco Ins. Co. of America v. Burr , 551 U.S. 47, 63, 127 S.Ct. 2201, 167 L.Ed.2d 1045 (2007) ; cf. Comcast Corp. v. National Assn. of African American-Owned Media , 140 S.Ct. 1009. Therefore, § 633a(a) requires that age be a but-for cause of the discrimination alleged.
What remains is the phrase "shall be made." "[S]hall be made" is a form of the verb "to make," which means "to bring into existence," "to produce," "to render," and "to cause to be or become." Random House Dictionary of the English Language, at 866. Thus, "shall be made" means "shall be produced," etc. And the imperative mood, denoting a duty, see Black's Law Dictionary 1233 (5th ed. 1979), emphasizes the importance of avoiding the taint.
2
So much for the individual terms used in § 633a(a). What really matters for present purposes is the way these terms relate to each other. Two matters of syntax are critical. First, "based on age" is an adjectival phrase that modifies the noun "discrimination." It does not modify "personnel actions." The statute does not say that "it is unlawful to take personnel actions that are based on age"; it says that "personnel actions ... shall be made free from any discrimination based on age." § 633a(a). As a result, age must be a but-for cause of discrimination-that is, of differential treatment-but not necessarily a but-for cause of a personnel action itself.
Second, "free from any discrimination" is an adverbial phrase that modifies the verb "made." Ibid . Thus, "free from any *1174 discrimination" describes how a personnel action must be "made," namely, in a way that is not tainted by differential treatment based on age. If age discrimination plays any part in the way a decision is made, then the decision is not made in a way that is untainted by such discrimination.
This is the straightforward meaning of the terms of § 633a(a), and it indicates that the statute does not require proof that an employment decision would have turned out differently if age had not been taken into account.
To see what this entails in practice, consider a simple example. Suppose that a decision-maker is trying to decide whether to promote employee A, who is 35 years old, or employee B, who is 55. Under the employer's policy, candidates for promotion are first given numerical scores based on non-discriminatory factors. Candidates over the age of 40 are then docked five points, and the employee with the highest score is promoted. Based on the non-discriminatory factors, employee A (the 35-year-old) is given a score of 90, and employee B (the 55-year-old) gets a score of 85. But employee B is then docked 5 points because of age and thus ends up with a final score of 80. The decision-maker looks at the candidates' final scores and, seeing that employee A has the higher score, promotes employee A.
This decision is not "made" "free from any discrimination" because employee B was treated differently (and less favorably) than employee A (because she was docked five points and A was not). And this discrimination was "based on age" because the five points would not have been taken away were it not for employee B's age.
It is true that this difference in treatment did not affect the outcome, and therefore age was not a but-for cause of the decision to promote employee A. Employee A would have won out even if age had not been considered and employee B had not lost five points, since A's score of 90 was higher than B's initial, legitimate score of 85. But under the language of § 633a(a), this does not preclude liability.
The Government has no answer to this parsing of the statutory text. It makes two correct points: first, that " 'discrimination based on age' " "requires but-for causation," and, second, that " 'discrimination' " means " ' "differential treatment." ' " Brief for Respondent 16-17. But based on these two points, the Government draws the unwarranted conclusion that "[i]t is thus not enough for a federal employer merely to consider age ... if that consideration does not actually cause the employer to make a less favorable personnel action than it would have made for a similarly situated person who is younger." Id. , at 17. That conclusion does not follow from the two correct points on which it claims to be based. What follows instead is that, under § 633a(a), age must be the but-for cause of differential treatment , not that age must be a but-for cause of the ultimate decision .[3]
*1175 B
The Government's primary argument rests not on the text of § 633a(a) but on prior cases interpreting different statutes. But contrary to the Government's argument, nothing in these past decisions undermines our interpretation of § 633a(a).
1. In Safeco Ins. Co. of America v. Burr , 551 U.S. at 63, 127 S.Ct. 2201, we interpreted a provision of the Fair Credit Reporting Act (FCRA) requiring that notice be provided "[i]f any person takes any adverse action with respect to any consumer that is based in whole or in part on any information contained in a consumer [credit] report. " 15 U.S.C. § 1681m(a) (emphasis added). This language is quite different from that of 29 U.S.C. § 633a(a).
In § 1681m(a), the phrase "based ... on any information contained in a consumer [credit] report" modifies "adverse action," and thus the information in question must be a but-for cause of the adverse action. By contrast, in § 633a(a), "based on" does not modify "personnel actions"; it modifies "discrimination," i.e. , differential treatment based on age.
The Government tries to find support in Safeco 's discussion of FCRA's reference to an adverse action that is "based ... in part " on a credit report. 15 U.S.C. § 1681m(a) (emphasis added). The Safeco Court observed that the phrase "in part" could be read to mean that notice had to be given "whenever the report was considered in the rate-setting process," but it rejected this reading. 551 U.S. at 63, 127 S.Ct. 2201. The Government suggests that the Court reached this conclusion because it thought that Congress would have "said so expressly" if it had meant to require notice in situations where consideration of a credit report was inconsequential. Brief for Respondent 19. Accordingly, the Government argues, because § 633a(a) does not say expressly that consideration of age is unlawful, we should conclude that mere consideration is insufficient to trigger liability. See id ., at 19-20.
This argument fails for two reasons. First, as explained above, the language of § 633a(a) does expressly impose liability if age discrimination plays a part in a federal employment decision. Second, Safeco did not invoke the sort of super-plain-statement rule that the Government now attributes to it. Instead, the Safeco Court rejected the argument on other grounds, including its assessment of the particular statutory scheme at issue. See 551 U.S. at 63-64, 127 S.Ct. 2201. That reasoning obviously has no application here.
2. In Gross v. FBL Financial Services, Inc. , 557 U.S. 167, 129 S.Ct. 2343, 174 L.Ed.2d 119, we interpreted the private-sector provision of the ADEA, *1176 29 U.S.C. § 623(a)(1), and held that it requires a plaintiff to prove that "age was the 'but-for' cause of the employer's adverse action." 557 U.S. at 177, 129 S.Ct. 2343. But as we previously recognized, the ADEA's private- and public-sector provisions are "couched in very different terms." Gómez-Pérez v. Potter , 553 U.S. 474, 488, 128 S.Ct. 1931, 170 L.Ed.2d 887 (2008).
Section 623(a)(1) makes it "unlawful for an employer ... to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." Thus, the but-for causal language in § 623(a)(1)--"because of such individual's age"--is an adverbial phrase modifying the verbs ("to fail or refuse to hire," etc.) that specify the conduct that the provision regulates. For this reason, the syntax of § 623(a)(1) is critically different from that of § 633a(a), where, as noted, the but-for language modifies the noun "discrimination." This is important because all the verbs in § 623(a)(1) -failing or refusing to hire, discharging, or otherwise discriminating with respect to "compensation, terms, conditions, or privileges of employment"-refer to end results.[4] By contrast, the provision in our case, § 633a(a), prohibits any age discrimination in the "mak[ing]" of a personnel decision, not just with respect to end results.
3. Finally, in University of Tex. Southwestern Medical Center v. Nassar , 570 U.S. 338, 133 S.Ct. 2517, 186 L.Ed.2d 503, we interpreted Title VII's anti-retaliation provision, 42 U.S.C. § 2000e-3(a), as requiring retaliation to be a but-for cause of the end result of the employment decision. The Court saw no "meaningful textual difference between the text [of that provision] and the one in Gross ," 570 U.S. at 352, 133 S.Ct. 2517, and the Court found support for its interpretation in the rule that recovery for an intentional tort generally requires proof " 'that the harm would not have occurred' in the absence of-that is, but for-the defendant's conduct." 570 U.S. at 346-347, 133 S.Ct. 2517 (quoting Restatement of Torts § 431, Comment a , pp. 1159-1160 (1934)).
That reasoning has no application in the present case. The wording of § 633a(a) --which refers expressly to the "mak[ing]" of personnel actions in a way that is "free from any discrimination based on age"--is markedly different from the language of the statutes at issue in Gross and Nassar , and the traditional rule favoring but-for causation does not dictate a contrary result. Section 633a(a) requires proof of but-for causation, but the object of that causation is "discrimination," i.e. , differential treatment, not the personnel action itself.
For these reasons, Safeco , Gross , and Nassar are entirely consistent with our holding in this case.
C
We are not persuaded by the argument that it is anomalous to hold the Federal Government to a stricter standard than private employers or state and local governments. That is what the statutory language dictates, and if Congress had wanted to impose the same standard on all employers, it could have easily done so.
*1177 As first enacted, the ADEA "applied only to actions against private employers." Lehman v. Nakshian , 453 U.S. 156, 166, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981). In 1974, "Congress expanded the scope of the ADEA" to reach both state and local governments and the Federal Government. Ibid. To cover state and local governments, Congress simply added them to the definition of an "employer" in the ADEA's private-sector provision, see 29 U.S.C. § 630(b), and Congress could have easily done the same for the Federal Government. Indeed, the first proposal for expansion of the ADEA to government entities did precisely that. Lehman , 453 U.S. at 166, n. 14, 101 S.Ct. 2698.
But Congress did not choose this route. Instead, it "deliberately prescribed a distinct statutory scheme applicable only to the federal sector," id. , at 166, 101 S.Ct. 2698, and in doing so, it eschewed the language used in the private-sector provision, § 623(a). See Gómez-Pérez , 553 U.S. at 488, 128 S.Ct. 1931. We generally ascribe significance to such a decision. See Russello v. United States , 464 U.S. 16, 23, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983) (" '[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion' ").
That Congress would want to hold the Federal Government to a higher standard than state and private employers is not unusual. See Supp. Letter Brief for Respondent 1 ("The federal government has long adhered to antidiscrimination policies that are more expansive than those required by ... the ADEA"); e.g. , Exec. Order No. 11478, § 1, 3 CFR 446 (1969) ("It is the policy of the Government of the United States to provide equal opportunity in Federal employment for all persons, to prohibit discrimination in employment ... and to promote the full realization of equal employment opportunity through a continuing affirmative program"); Exec. Order No. 12106, § 1-102, 3 CFR 263 (1978) (amending Exec. Order No. 11478 to cover discrimination on the basis of age). And several years after adding § 633a(a) to the ADEA, Congress amended the civil service laws to prescribe similar standards. See 5 U.S.C. § 2301(b)(2) ("Federal personnel management should be implemented consistent with the ... merit system principl[e that a]ll employees and applicants for employment should receive fair and equitable treatment in all aspects of personnel management without regard to ... age").
In any event, "where, as here, the words of [a] statute are unambiguous, the ' "judicial inquiry is complete." ' " Desert Palace, Inc. v. Costa , 539 U.S. 90, 98, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003) (quoting Connecticut Nat. Bank v. Germain , 503 U.S. 249, 254, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) ).
D
While Babb can establish that the VA violated § 633a(a) without proving that age was a but-for cause of the VA's personnel actions, she acknowledges-and we agree-that but-for causation is important in determining the appropriate remedy. It is bedrock law that "requested relief " must "redress the alleged injury." Steel Co. v. Citizens for Better Environment , 523 U.S. 83, 103, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Thus, § 633a(a) plaintiffs who demonstrate only that they were subjected to unequal consideration cannot obtain reinstatement, backpay, compensatory damages, or other forms of relief related to the end result of an employment decision. To obtain such remedies, these plaintiffs must show that age discrimination *1178 was a but-for cause of the employment outcome.
We have long employed these basic principles. In Texas v. Lesage , 528 U.S. 18, 21-22, 120 S.Ct. 467, 145 L.Ed.2d 347 (1999) (per curiam ), we applied this rule to a plaintiff who sought recovery under Rev. Stat. § 1979, 42 U.S.C. § 1983, for an alleged violation of the Equal Protection Clause. We explained: "[W]here a plaintiff challenges a discrete governmental decision as being based on an impermissible criterion and it is undisputed that the government would have made the same decision regardless, there is no cognizable injury warranting [damages] relief." 528 U.S. at 21, 120 S.Ct. 467. Cf. Mt. Healthy City Bd. of Ed. v. Doyle , 429 U.S. 274, 285, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977) (rejecting rule that "would require reinstatement ... even if the same decision would have been reached had the incident not occurred").
Our conclusion is also supported by traditional principles of tort and remedies law. "Remedies generally seek to place the victim of a legal wrong ... in the position that person would have occupied if the wrong had not occurred." R. Weaver, E. Shoben, & M. Kelly, Principles of Remedies Law 5 (3d ed. 2017). Thus, "[a]n actor's liability is limited to those harms that result from the risks that made the actor's conduct tortious." Restatement (Third) of Torts § 29, p. 493 (2005). Remedies should not put a plaintiff in a more favorable position than he or she would have enjoyed absent discrimination. But this is precisely what would happen if individuals who cannot show that discrimination was a but-for cause of the end result of a personnel action could receive relief that alters or compensates for the end result.
Although unable to obtain such relief, plaintiffs are not without a remedy if they show that age was a but-for cause of differential treatment in an employment decision but not a but-for cause of the decision itself. In that situation, plaintiffs can seek injunctive or other forward-looking relief. Determining what relief, if any, is appropriate in the present case is a matter for the District Court to decide in the first instance if Babb succeeds in showing that § 633a(a) was violated.
* * *
The judgment of the United States Court of Appeals for the Eleventh Circuit is reversed, and the case is remanded for further proceedings consistent with this opinion.
It is so ordered.
Justice SOTOMAYOR, with whom Justice GINSBURG joins, concurring.
I join the majority opinion because I agree that 29 U.S.C. § 633a imposes liability even when age is not a " 'but-for cause' " of a personnel action. Ante , at 1171. I write separately to make two observations.
First, the Court does not foreclose § 633a claims arising from discriminatory processes. Cf. Comcast Corp. v. National Assn. of African American-Owned Media , 140 S.Ct. 1009 (GINSBURG, J., concurring in part and concurring in judgment). If, for example, an employer hires a 50-year-old person who passed a computer-aptitude test administered only to applicants above 40, clearly a question could arise as to whether the hiring decision was "made free from" differential treatment.
Second, this same example may suggest that § 633a permits damages remedies, even when the Government engages in nondispositive "age discrimination in the 'ma[king]' of a personnel decision." Ante , at 1176. If an applicant incurs costs to prepare for the discriminatorily administered *1179 aptitude test, a damages award compensating for such out-of-pocket expenses could restore the applicant to the "position tha[t] he or she would have enjoyed absent discrimination." Ante , at 1178.

The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See United States v. Detroit Timber & Lumber Co. , 200 U.S. 321, 337, 26 S.Ct. 282, 50 L.Ed. 499.

The General Schedule (GS) is a federal pay scale that is divided into 15 numbered grades. See 5 U.S.C. § 5104. "[A]s the number of the grade increases, so do pay and responsibilities." United States v. Clark , 454 U.S. 555, 557, 102 S.Ct. 805, 70 L.Ed.2d 768 (1982).

We have repeatedly explained that " 'the word "any" has an expansive meaning.' " Ali v. Federal Bureau of Prisons , 552 U.S. 214, 219, 128 S.Ct. 831, 169 L.Ed.2d 680 (2008) (quoting United States v. Gonzales , 520 U.S. 1, 5, 117 S.Ct. 1032, 137 L.Ed.2d 132 (1997) ). The standard dictionary definition of "any" is "[s]ome, regardless of quantity or number." American Heritage Dictionary 59 (def. 2) (1969).

Beyond this, the Government's only other textual argument is that the term "made" refers to a particular moment in time, i.e. , the moment when the final employment decision is made. We agree, but this does not mean that age must be a but-for cause of the ultimate outcome. If, at the time when the decision is actually made, age plays a part, then the decision is not made "free from" age discrimination.
It is not clear that Babb actually disagrees with the Government on this point, although the many references in her brief to the decisionmaking process could be read to mean that § 633a(a) can be violated even if age played no part whatsoever when the actual decision was made. If that is what Babb wants to suggest, however, we must disagree. It is entirely natural to regard an employment decision as being "made" at the time when the outcome is actually determined and not during events leading up to that decision. See American Heritage Dictionary, at 788 (def. 10) (defining "make" as "[t]o arrive at" a particular conclusion, i.e. , to "make a decision "). And holding that § 633a(a) is violated when the consideration of age plays no role in the final decision would have startling implications.
Consider this example: A decision-maker must decide whether to promote employee A, who is under 40, or employee B, who is over 40. A subordinate recommends employee A and says that the recommendation is based in part on employee B's age. The decision-maker rebukes this subordinate for taking age into account, disregards the recommendation, and makes the decision independently. Under an interpretation that read "made" expansively to encompass a broader personnel process, § 633a(a) would be violated even though age played no role whatsoever in the ultimate decision. Indeed, there might be a violation even if the decision-maker decided to promote employee B. We are aware of no other anti-discrimination statute that imposes liability under such circumstances, and we do not think that § 633a(a) should be understood as the first.

Moreover, even if "discriminating with respect to compensation, terms, conditions, or privileges of employment" could be read more broadly to encompass things that occur before a final decision is made, the ejusdem generis canon would counsel a court to read that final phrase to refer--like the prior terms--to the final decision. See Christopher v. SmithKline Beecham Corp. , 567 U.S. 142, 163, and n. 19, 132 S.Ct. 2156, 183 L.Ed.2d 153 (2012).