**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| KEISHA BELLE,<br>            Appellant, | DOCKET NUMBER<br>SF-0752-17-0280-I-1 |
|            v. | |
| DEPARTMENT OF THE AIR FORCE,<br>            Agency. | DATE: May 19, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Neil C. Bonney, Esquire, Virginia Beach, Virginia, for the appellant.

Larry Pruitt, Joint Base Andrews, Maryland, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained the appellant's removal.  For the reasons discussed below, we GRANT the appellant's petition for review.  We REVERSE the portion of the initial decision that sustained the removal, and we AFFIRM the administrative judge's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

findings on the appellant's affirmative defense.  The removal action is NOT SUSTAINED.

## BACKGROUND

¶2    Effective May 29, 2016, the appellant was reassigned from her position as a Child and Youth Programs Training and Curriculum Specialist in Japan to the same position in Alaska as a resolution of her equal employment opportunity (EEO) case against agency officials in Japan.  Initial Appeal File (IAF), Tab 6 at 11, Tab 22, Hearing Compact Disc (HCD) at 09:00-11:00 (testimony of Civilian Personnel Officer, Joint Base Elmerdorf-Richardson (CPO-JBER)).[2]  The appellant reported for duty in Alaska on June 13, 2016, at which time she completed a statement of conviction form.  IAF, Tab 5 at 4, Tab 19 at 62.  That form required her to disclose any arrests, charges, or convictions for a crime involving a minor, drugs, or alcohol.  IAF, Tab 5 at 4.  Although the form advised that the agency "is required to request a State and Criminal History Repository Check as a condition of employment," there is no indication that the agency completed a new background investigation or suitability adjudication for the appellant after her reassignment.   IAF, Tab 5 at 4; HCD at 34:00-35:00 (testimony of CPO-JBER).

¶3    On August 4, 2016, the appellant's first-line supervisor notified the appellant, and the rest of her team, that the agency was replacing the "simpler" statement of conviction form with the Department of Defense (DD) Form 2981, Basic Criminal History and Statement of Admission.[3]  IAF, Tab 4 at 34.  The

---

[2] According to the appellant's deposition testimony, she was reassigned from Japan to Fort Myer, where she was terminated from her position for "[l]ying on [her] [F]ederal application."  IAF, Tab 19 at 61.  However, due to a successful EEO case regarding her employment in Japan, the agency agreed to reassign her to Alaska.  HCD at 10:00-18:00 (testimony of CPO-JBER).

[3] The statute authorizing DD Form 2981 provides that "[a]ny conviction for a sex crime, an offense involving a child victim, . . . a drug felony, . . . [or] a crime other than a sex

appellant's first- and second-line supervisors explained to her that she was required to complete the form, instructed her to complete it, and warned her that failure to do so may negatively impact her background check. *Id.* at 30-34. However, the appellant refused. *Id.* at 31. On September 6, 2016, the appellant's second-line supervisor detailed her from her "current position working with and around children" because of her failure to complete the form. *Id.* at 30.

¶4     On November 30, 2016, the appellant's first-line supervisor proposed the appellant's removal based on a single charge of failure to maintain a condition of employment. *Id.* at 12, 28. The charge was based on her refusal to complete a DD Form 2981. *Id.* at 28. The specification in support of the charge and the background information explained that she was required to meet the background check requirements at all times, as outlined in Department of Defense Instruction 1402.05, Enclosure 3, and Air Force Instruction 34-144, chapter 9.6 and 9.6.5, and her failure to complete a DD Form 2981 prevented her from satisfying that requirement. *Id.* The deciding official sustained the charge, as specified, and removed the appellant, effective March 3, 2017. *Id.* at 12-14.

¶5     The appellant filed this appeal of her removal, in which she disputed the agency's charge. IAF, Tab 1 at 6. She argued that a background check was the condition of her employment, whereas completing a DD Form 2981 was not. IAF, Tab 18 at 5. She claimed that, to fail the actual condition of her employment, the agency needed to issue her a negative background check or a negative suitability determination, neither of which occurred. *Id.* She further argued that she was not required to complete a DD Form 2981 because it was a voluntary form used for "pre-employment screening," and she already was employed by the agency. *Id.* She alleged that her removal was in retaliation for her prior EEO activity and claimed that the penalty of removal was unreasonable. IAF, Tab 1 at 6.

---

crime . . . if it bears on an individual's fitness to have responsibility for the safety and well-being of children" is relevant to a criminal history check. 34 U.S.C. § 20351(c).

¶6　　After holding the appellant's requested hearing, the administrative judge issued an initial decision affirming her removal.  IAF, Tab 23, Initial Decision (ID) at 1, 17.  In sustaining the agency's charge of failure to maintain a condition of employment, the administrative judge found that a completed DD Form 2981 was a condition of the appellant's employment because it was a necessary part of the background check process.  ID at 10-11.  She further found that the appellant failed to meet that condition, even though she was on notice of the consequences of that failure and had a reasonable opportunity to comply.  ID at 11-12.  The administrative judge also concluded that the appellant did not prove her EEO reprisal affirmative defense.  ID at 12-15.  Finally, the administrative judge found that there was a nexus between the sustained charge and the efficiency of the service and that the penalty of removal was within the bounds of reasonableness.  ID at 12, 16.

¶7　　The appellant has filed a petition for review challenging the administrative judge's findings that the agency proved its charge.[4]  Petition for Review (PFR) File, Tab 1 at 4-10.  The agency has filed a response, to which the appellant has replied.  PFR File, Tabs 3-4.

---

[4] The appellant has not challenged the administrative judge's findings as to her affirmative defense.  In that regard, the initial decision reflects that the administrative judge considered the evidence as a whole, drew appropriate inferences, and made accurate, well-reasoned findings.  Accordingly, we do not disturb those findings.  *See Dunn v. Department of the Air Force*, 96 M.S.P.R. 166, ¶ 9 (2004) (declining to disturb the administrative judge's factual findings and determination that the agency failed to establish two of its specifications because the initial decision reflected that she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility), *aff'd per curiam*, 139 F. App'x. 280 (Fed. Cir. 2005).  Furthermore, because the appellant has not challenged the administrative judge's finding that she failed to prove that her prior EEO activity was a motivating factor in the agency's decision to remove her, we do not reach the question of whether retaliation was a "but-for" cause of the removal action.  *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 22 (citing *Babb v. Wilkie*, 589 U.S. ___, 140 S. Ct. 1168, 1177-78 (2020)).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8     To sustain a charge of failure to fulfill a condition of employment, the agency must prove that the requirement at issue is a condition of employment and that the appellant failed to meet that condition. *Gallegos v. Department of the Air Force*, 121 M.S.P.R. 349, ¶ 6 (2014). Absent evidence of bad faith or patent unfairness, the Board defers to the agency's requirements that must be fulfilled for an individual to be appointed to or to retain her particular position.[5] *Id.* It is undisputed that, as a condition of employment, the appellant was required to meet background check requirements at all times.

¶9     We find, contrary to the initial decision, that the appellant's failure to complete a DD Form 2981 did not prevent her from satisfying that condition of employment. First, while the appellant's supervisors did instruct her to fill out the form and told her it was "required," the form itself expressly states that completion of the form is "voluntary," and the Department of Defense's policy similarly states that the form is "voluntary." IAF, Tab 4 at 40. It would be nonsensical to charge the appellant with failure to meet a condition of employment based on her failure to complete a "voluntary" form.[6] If, on the other hand, completion of the form was in fact necessary to meet background

---

[5] The administrative judge construed the Board's case law as requiring that the agency prove an additional element for a failure to meet a condition of employment charge: "to the extent that her failure to meet the condition was within the agency's control, the appellant was afforded a reasonable opportunity to meet the condition." ID at 9. While this differs slightly from the Board's recitation of the elements of this charge as set forth in *Gallegos*, 121 M.S.P.R. 349, ¶ 6, that consideration, and the administrative judge's accompanying analysis, is relevant to determining whether the agency's condition of employment was patently unfair.

[6] Under the circumstances, the agency might have properly charged the appellant with failure to follow supervisory instructions. However, the Board is required to review the agency's decision on an adverse action solely on the grounds invoked by the agency and may not substitute what it considers to be a more adequate or proper basis. *Fargnoli v. Department of Commerce*, 123 M.S.P.R. 330, ¶ 7 (2016).

check requirements, the agency should have changed the form and its policy to so indicate.

¶10 Moreover, the record reflects that there were other components to the background check that could have been conducted without the completion of a DD Form 2981, including a Federal Bureau of Investigation criminal history background check, a review of state records, and a fingerprint check. IAF, Tab 5 at 15. There is no indication that the agency took these measures or that it actually completed a background check or issued a suitability determination before removing the appellant. Given the agency's own failure to complete the background check process, it is precluded from charging the appellant with failing to meet the background check requirements that were a condition of her employment. Accordingly, we do not sustain the removal action.

**ORDER**

¶11 We ORDER the agency to cancel the removal action and reinstate the appellant effective March 3, 2017. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶12 We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶13 We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has

taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶14 No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶15 For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805. Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete. Missing documentation may substantially delay the processing of a back pay award. **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE: Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐ 1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket. Please identify the specific dates of the back pay period within the ticket comments.

<u>Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:</u>

☐ 2) Settlement agreement, administrative determination, arbitrator award, or order.

☐ 3) Signed and completed "Employee Statement Relative to Back Pay".

☐ 4) All required SF50s (new, corrected, or canceled). **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 5) Certified timecards/corrected timecards. **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐ 7) Outside earnings documentation. Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc. Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:** When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received. The payroll office must collect the debt from the back pay award. The annual leave will be restored to the employee. Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a. Employee name and social security number.
   b. Detailed explanation of request.
   c. Valid agency accounting.
   d. Authorized signature (Table 63).
   e. If interest is to be included.
   f. Check mailing address.
   g. Indicate if case is prior to conversion.  Computations must be attached.
   h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a. Must provide same data as in 2, a-g above.
   b. Prior to conversion computation must be provided.
   c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.