[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11667

_____

DENNIS MCLAIN,

Plaintiff-Appellant,

*versus*

SECRETARY, DEPARTMENT OF VETERANS AFFAIRS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:17-cv-01283-WFJ-CPT

_____

Before WILSON, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Dennis McLain appeals from a jury verdict for the Secretary of Veterans Affairs and against McLain on his claims of retaliation and hostile work environment under Title VII. McLain claimed he was retaliated against and subjected to a hostile work environment by the VA hospital where he worked as a nurse because he engaged in protected activity as a representative of the nurse's union.

After a trial, the jury found for the Secretary on both counts. On a special verdict form, the jury found that McLain was not "treated differently[] because of his protected EEO activity and protected activity played [no] part in the way one or more personnel actions were made." Likewise, the jury found that the Secretary did not "harass [McLain] because of his protected EEO activity."

On appeal, McLain raises three arguments. First, he argues that the district court's jury instructions misstated the law of causation under *Babb v. Wilkie*, 140 S. Ct. 1168 (2020) and *Babb v. Secretary*, 992 F.3d 1193 (2021). Specifically, he argues that the district court's instructions erroneously placed the burden on him to establish more than the mere presence of discriminatory considerations in his employer's decision-making process. Second, he argues the district court erred in its hostile work environment instruction. Third, he argues that the district court abused its discretion in allowing the Secretary to admit certain evidence for the jury's consideration.

We will not disturb a jury's verdict for an instructional or evidentiary error unless it affected the outcome of the proceedings.

22-11667                Opinion of the Court                3

*See Watkins v. City of Montgomery, Ala.*, 775 F.3d 1280, 1289-90 (11th Cir. 2014); *Burchfield v. CSH Transp., Inc.*, 636 F.3d 1330, 1333 (11th Cir. 2011). After careful consideration of the record and the parties' briefs, and with the benefit of oral argument, we find no prejudicial error in the district court's jury instructions or evidentiary rulings. Accordingly, we affirm.

**AFFIRMED**.