**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1108
_____

FLORENCE KOCHER,
Appellant

v.

SECRETARY UNITED STATES DEPARTMENT OF VETERANS AFFAIRS

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-21-cv-00921)
District Judge: Honorable Timothy J. Savage
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 6, 2023

Before: SHWARTZ, CHUNG, and McKEE, *Circuit Judges*

(Opinion filed: December 7, 2023)

_____

OPINION[*]
_____

_____

[*]This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*.

Florence Kocher has been employed by the Veterans Affairs Medical Center in Philadelphia since 2013. She appeals the District Court's grant of the Secretary of the United States Department of Veterans Affairs' motion for summary judgment on her claims of sex and age discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act. For the reasons set forth below, we will affirm.[1]

**I.**

Kocher contends that the District Court erred in granting summary judgment on her claims. While the District improperly applied the private-sector antidiscrimination and antiretaliation standards[2] to Kocher, a federal employee, we will affirm the District Court because Kocher cannot establish her claims under either the federal-sector provision of Title VII or the ADEA.

---

[1] We have jurisdiction under 28 U.S.C. § 1291. We review a district court's grant of summary judgment de novo. *Cranbury Brick Yard, LLC v. United States*, 943 F.3d 701, 708 (3d Cir. 2019). Summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, we "view the facts in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor." *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006).

[2] *See Babb v. Wilkie*, 140 S. Ct. 1168, 1172, 1176–77 (2020) (distinguishing between private-sector and federal-sector provisions of the ADEA).

"The ADEA federal-sector provision was patterned 'directly after' Title VII's federal-sector discrimination ban."[3] These provisions are nearly identical.[4] The ADEA provides: "All personnel actions affecting [federal] employees . . . who are at least 40 years of age . . . shall be made free from any discrimination based on age."[5] Similarly, Title VII provides: "All personnel actions affecting [federal] employees . . . shall be made free from any discrimination based on race, color, religion, sex, or national origin."[6] In *Babb v. Wilkie*, the Supreme Court interpreted the ADEA federal sector-provision to require that "personnel actions be untainted by any consideration of age."[7] Because the federal-sector provisions of the ADEA and Title VII are essentially identical, the Supreme Court's interpretation of the ADEA federal-sector provision controls our analysis of the Title VII federal-sector provision.[8] Thus, under both the federal-sector

---

[3] *Gomez-Perez v. Potter*, 553 U.S. 474, 487 (2008) (quoting *Lehman v. Nakshian*, 453 U.S. 156, 167 n.15 (1981)).

[4] Both federal-sector provisions provide that "[a]ll personnel actions affecting [federal] employees . . . shall be made free from any discrimination." 29 U.S.C. § 633a(a); 42 U.S.C. § 2000e-16(a).

[5] 29 U.S.C. § 633a(a).

[6] 42 U.S.C. § 2000e-16(a).

[7] 140 S. Ct. at 1171.

[8] *See Babb v. Sec'y, Dep't of Veterans Affs.*, 992 F.3d 1193, 1198 (11th Cir. 2021) (recognizing that "[b]ecause the relevant [federal-sector] provisions of the ADEA and Title VII are materially identical, . . . the Supreme Court's analysis of the former controls the latter as well"); *Komis v. Sec'y of United States Dep't of Lab.*, 918 F.3d 289, 295 (3d Cir. 2019) (recognizing that because the ADEA and Title VII federal-sector provisions are "nearly identical," the Supreme Court's holding that the ADEA's federal-sector provision bars retaliation leads to the conclusion that Title VII's federal-sector provision also bars retaliation); *Huff v. Buttigieg*, 42 F.4th 638, 645 (7th Cir. 2022) (recognizing that "[t]he federal-sector provisions in the ADEA and Title VII are identical, so . . . *Babb*'s causation standard applies equally to [Title VII]").

provision of the ADEA and Title VII, "a personnel action must be made 'untainted' by discrimination."[9]

Although these federal-sector provisions do not specifically reference retaliation, they provide federal employees with the right to bring retaliation claims.[10] This is because when an employee experiences retaliation for complaining about age, race, color, religion, sex, or national origin discrimination, the employee experiences a form of "discrimination based on" age, race, color, religion, sex, or national origin.[11] "[T]he phrase 'based on' indicates a but-for causal relationship."[12] Thus, in order to succeed on a retaliation claim, a federal employee must show that a complaint about discrimination is "the but-for cause of differential treatment."[13]

Kocher argues that the VA discriminated and retaliated against her by (1) giving her lower than desired ratings on two annual evaluations, (2) providing her with performance counseling, (3) denying her the opportunity to submit her self-evaluation on an official VA form, (4) including her medical diagnosis in an annual evaluation, and (5) disclosing her personal information over unencrypted email.[14]

---

[9] *Babb*, 140 S. Ct. at 1173.

[10] *Gomez-Perez*, 553 U.S. at 491; *Komis*, 918 F.3d at 294.

[11] *See Gomez-Perez*, 553 U.S. at 488 (explaining that "retaliation for complaining about age discrimination is 'discrimination based on age'").

[12] *Babb*, 140 S. Ct. at 1173 (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 63, (2007)).

[13] *See id.* at 1174 (emphasis omitted).

[14] The record reveals that Kocher received an overall rating of "low satisfactory" on her evaluations, the VA allowed Kocher to submit her self-evaluation but did not transfer it onto the official form, and the VA responded to her request and removed all references to her medical diagnosis in her evaluation.

On Kocher's discrimination claims, the District Court concluded that there was no evidence that Kocher was "treated any differently" than similarly situated employees.[15] Accordingly, the District Court held that Kocher could not succeed on her discrimination claims because Kocher presented "no evidence of disparate treatment."[16] On appeal, Kocher does not identify any instances of differential treatment. Rather, she generally contends that the VA's actions towards her "can only be explained by discrimination, given their highly unusual nature."[17] We will affirm the District Court's grant of summary judgment on Kocher's discrimination claims because Kocher fails to identify any evidence to contradict the District Court's conclusion that the VA's actions were untainted by discrimination.

On Kocher's retaliation claims, the District Court concluded that Kocher had not identified any prior complaints that she made about discrimination and instead only vaguely mentioned that she engaged in "prior EEO activity."[18] Accordingly, the District Court held that Kocher could not succeed on her retaliation claims because Kocher failed to establish a causal connection between any prior EEO activity and the VA's actions. On appeal, Kocher continues to vaguely argue that she was retaliated against for "prior EEO activity" without identifying any specific prior complaints that she made about discrimination.[19] We will affirm the District Court's grant of summary judgment because

---

[15] *Kocher v. McDonough*, Civ. No. 21-921, 2022 WL 17858056, at *6 (E.D. Pa. Dec. 22, 2022).
[16] *Id.*
[17] Opening Br. 11.
[18] *Kocher*, 2022 WL 17858056, at *7.
[19] Opening Br. 15–16.

Kocher has not established that her unspecified prior EEO activity was the but-for cause of any differential treatment by the VA.

## II.

For the above reasons, we will affirm the District Court's order granting the VA's motion for summary judgment.