24-2495-cv
Wade v. Rodriguez

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand twenty-five.

PRESENT:

> GUIDO CALABRESI,
> BARRINGTON D. PARKER, JR.,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

_____

JOSEPH W. WADE,

> *Plaintiff-Appellant*,

> v.                                                                          24-2495-cv

ROBERT J. RODRIGUEZ, DBA ROBERT J. RODRIGUEZ, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE, NEW YORK DEPARTMENT OF STATE, DAVID ASHTON, IN HIS OFFICIAL CAPACITY, CATHERINE TRAINA, IN HER OFFICIAL CAPACITY, LAURISSA GARCIA, IN HER OFFICIAL CAPACITY,

> *Defendants-Appellees*,

NEW YORK STATE DEPARTMENT OF STATE OFFICE OF PLANNING, DEVELOPMENT AND COMMUNITY INFRASTRUCTURE,

        *Defendant*.

_____

| | |
|---|---|
| *For Plaintiff-Appellant*: | JOSEPH WADE, *pro se*, New York, NY. |
| *For Defendants-Appellees*: | ANTHONY R. RADUAZO, *for* Letitia James, Attorney General of the State of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Joseph Wade appeals from the district court's dismissal of his Amended Complaint for lack of subject matter jurisdiction. Wade, the principal at Owl Contracting LLC ("Owl"), brought this action against Secretary Robert J. Rodriguez of the New York State Department of State ("NYS DOS") and NYS DOS employees Catherine Traina, Laurissa Garcia, and David Ashton (collectively, the "Appellees"). Wade alleged that the defendants' inclusion of a "Diversity Practices Questionnaire" ("DPQ") as part of a construction contract proposal application for NYS DOS's Downtown Revitalization Initiative violated his rights to equal protection and due process, federal criminal law, state

law, and amounted to conspiracy under 42 U.S.C. §§ 1985(3) and 1986. The district court granted the Appellees' motion to dismiss Wade's Amended Complaint for lack of subject matter jurisdiction because he lacked Article III standing and because his claims were barred by the Eleventh Amendment. *See Wade v. Rodriguez*, No. 23-cv-4707 (PAE), 2024 WL 4135195 (S.D.N.Y. Sept. 10, 2024). The district court also denied Wade's motion for leave to amend his complaint a second time so that he could add claims for injunctive relief to avoid the Appellees' Eleventh Amendment immunity. *Id.* at *7. On appeal, Wade argues that the district court erred in dismissing his Amended Complaint because he sought declaratory relief that was not barred by Eleventh Amendment immunity, and because the district court abused its discretion when it denied Wade leave to amend his complaint a second time. We disagree and conclude that dismissal of the Amended Complaint was proper because Wade lacked standing. Therefore, we affirm the judgment of the district court. We assume the parties' familiarity with the case.

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."[1] *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *see* Fed. R. Civ. P. ("Rule") 12(b)(1). When a defendant brings a fact-based Rule 12(b)(1) motion, he is permitted to proffer evidence beyond the complaint. *Carter v. HealthPort Technologies,*

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

*LLC*, 822 F.3d 47, 57 (2d Cir. 2016). "We review the dismissal of claims for lack of standing *de novo*." *Ross v. Bank of America, N.A. (USA)*, 524 F.3d 217, 222 (2d Cir. 2008).

Wade lacked standing to bring his claims based on the DPQ. "To state a case or controversy under Article III, a plaintiff must establish standing." *Arizona Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 133 (2011). To establish Article III standing, a plaintiff must show "[1] that he suffered an injury-in-fact—an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical; [2] that there was a causal connection between the injury and the conduct complained of; and [3] that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Carver v. City of New York*, 621 F.3d 221, 225 (2d Cir. 2010) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Furthermore, "where a plaintiff challenges a discrete governmental decision as being based on an impermissible criterion and it is undisputed that the government would have made the same decision regardless, there is no cognizable injury warranting damages relief." *Babb v. Wilkie*, 589 U.S. 399, 413 (2020) (quoting *Texas v. Lesage*, 528 U.S. 18, 21–22 (1999)).

Here, the rejection of Wade's bid was not traceable to the conduct he challenged. Each contract bidder on NYS DOS's Downtown Revitalization Initiative who received a Technical Proposal score of less than 55 points was automatically ineligible to be selected for a contract. The parties do not dispute that Wade's Technical Proposal score was 17.67.

4

Accordingly, Wade failed to plausibly allege that the DPQ could have had a "but-for" causal impact on the final decision to reject his proposal. *See Babb*, 589 U.S. at 413-14.

Separately, the Amended Complaint's additional theory of harm was that the use of the DPQ "caus[ed] [Wade] to subject other citizens to judgment . . . which deprives those citizens of opportunity based on their race and gender." S.D.N.Y., No. 23-cv-4707, doc. 31 at 20. But the Amended Complaint did not allege that Wade was aware of the DPQ prior to making subcontracting decisions or that he discriminated against any group due to the existence of the questionnaire. *See, e.g.*, *Chevron Corp. v. Donziger*, 833 F.3d 74, 121 (2d Cir. 2016) ("The traceability requirement of Article III standing means that the plaintiff must demonstrate a causal nexus between the defendant's conduct and the injury.").

Last, Wade asserted standing on the basis that the defendants' conduct "increased [his] risk of failure in the New York public and private markets." S.D.N.Y., No. 23-cv-4707, doc. 31 at 40. However, such "generalized grievances about the conduct of Government" are not generally sufficient to confer standing. *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 217 (1974).

Because we conclude that the district court properly dismissed this action for lack of jurisdiction on standing grounds, we need not reach the additional issues he raises on appeal.

*    *    *

We have considered Wade's remaining arguments and conclude they are unpersuasive.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court