NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERT MCLAFFERTY,

                Petitioner-Appellant,

  v.

DEPARTMENT OF VETERANS
AFFAIRS; et al.,

                Respondents-Appellees.

No.   22-35068

D.C. No. 3:20-cv-01487-MO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted October 18, 2023
Portland, Oregon

Before:  KOH and SUNG, Circuit Judges, and EZRA,[**] District Judge.

Dr. Robert McLafferty appeals the district court's grant of summary

judgment in favor of the Department of Veterans Affairs ("the VA") and the denial

of Dr. McLafferty's motion for summary judgment.  This court reviews the district

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

court's summary judgment rulings de novo. *See Native Ecosystems Council v. Dombeck*, 304 F.3d 886, 891 (9th Cir. 2002). We have jurisdiction under 28 U.S.C. § 1291. The district court properly granted summary judgment for the VA, so we affirm.

**1. Procedural Irregularities**. "[A] covered individual" who is removed from a senior executive position is entitled to "a file containing all evidence in support of the proposed action." 38 U.S.C. § 713. The VA provided to Dr. McLafferty the VA's complete evidence file in support of Dr. McLafferty's termination and did not rely on evidence outside that file. A VA doctor stated that the VA only possessed the final determination from the Equal Employment Opportunity Commission, which the VA provided to Dr. McLafferty. Additionally, the Chief of Employee Relations/Labor Relations stated that the VA provided all the documents it received from the Office of the Special Counsel ("OSC") to Dr. McLafferty. The VA had even requested the entire evidence file from OSC, but OSC rejected that request. Thus, the VA provided Dr. McLafferty with all the evidence it relied on in support of the action.

Additionally, the VA did not violate the termination and grievance procedures outlined in the VA Handbook. This court may "set aside" the termination if the termination was "obtained without procedures required by a provision of law having been followed." 38 U.S.C. § 713(b)(6)(B). VA

2

employees who are subject to termination are entitled to "grieve the action in accordance with an internal grievance process," and the VA established the internal grievance process in the VA Handbook. 38 U.S.C. § 713(b)(1)(C).

Dr. McLafferty alleges the VA disregarded several provisions of the VA Handbook. First, Dr. McLafferty alleges that the VA violated Section 7(e), which states that grievances will be referred to an examiner for inquiry within ten days of the decision official's receipt of the formal grievance. Dr. McLafferty states that he was notified later than ten days after the official's receipt of his grievance. But Section 7(e) only speaks to the timeline for referral, not notification to the grievant. Therefore, the VA did not violate Section 7(e) by taking longer than ten days to notify Dr. McLafferty.

Dr. McLafferty also misinterprets the language of Section 12(e), which states that the grievance examiner will prepare a report, submit that report to the decision official, and furnish a copy of the report to the employee and the employee's representative. The examiner did furnish the copy of the report to Dr. McLafferty. Dr. McLafferty only complains that it was not delivered at the same time that it was delivered to the decision official. Yet nothing in the language of Section 12(e) requires that the furnishment be simultaneous. The VA therefore did not violate Section 12(e).

Dr. McLafferty next complains that the examiner and deciding official's

3

delays in issuing reports violated Sections 12(f) and 13(b), respectively. These delays were permissible. Under Section 5(c) of the VA Handbook, delays are allowed if they are explained to the employee. The VA explained the delays to Dr. McLafferty. Dr. McLafferty also approved extensions at various points.

Lastly, McLafferty's notification of the appointment of an examiner via email, rather than a copy of the request letter, as required by Section 12(a)(2)(d), was harmless. *Nat. Res. Def. Council v. U.S. Forest Serv.*, 421 F.3d 797, 807 (9th Cir. 2005) (stating that an administrative body's error is harmless when the mistake "clearly had no bearing on the procedure used or the substance of [the] decision reached").

**2. Conflict of Interest Finding.** A court may set aside a VA action that is unsupported by substantial evidence. 38 U.S.C. § 713(b)(6)(C). This review is deferential and requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (internal quotation marks omitted). A prohibited conflict of interest for a government employee occurs when the employee participates "personally and substantially in an official capacity in any particular matter in which, to his knowledge, he . . . has a financial interest, if the particular matter will have a direct and predictable effect on that interest." 5 C.F.R. § 2635.402(a). An employee of an organization has an imputed financial interest in that organization.

4

5 C.F.R. § 2635.402(b)(2)(iv). Section 8 of the VA Handbook's chapter on conflicts of interest also specifically states that "if the physician or clinician has a faculty appointment and receives any compensation, or is under the direction of the school, the physician or clinic has at least an imputed financial interest in VA contracts with the school." Therefore, Dr. McLafferty had a financial interest in a VA contract with Oregon Health Sciences University ("OHSU").

Substantial evidence supports the finding that Dr. McLafferty personally and substantially participated in the recommendation and negotiation of the OHSU contract. "Personal and substantial participation may occur when . . . an employee participates through . . . recommendation, investigation, or the rendering of advice in a particular matter." 5 C.F.R. § 2635.402(b)(4). Dr. McLafferty encouraged another Portland VA doctor, Dr. Thomas Anderson, to contract with OHSU, stating that he believed a contract with OHSU would be preferable. Additionally, Dr. Wheatley testified that Dr. McLafferty thwarted Dr. Wheatley's efforts to maintain a call contract with anyone other than OHSU. In his expectations memo to Dr. Wheatley, and in Dr. Wheatley's review, Dr. McLafferty specifically outlined the need for Dr. Wheatley to secure a call contract with OHSU. A reasonable mind could accept these facts as adequate to establish that Dr. McLafferty recommended OHSU to the VA, a prohibited practice.

Substantial evidence also supports the finding that Dr. McLafferty

negotiated with OHSU, a practice prohibited by the VA Handbook. Dr. McLafferty conversed directly with OHSU personnel about the call contract, telling one OHSU employee that he was "disappointed" that he could not "finagle" a preferable contract option for OHSU. He discussed specific terms in this email exchange. He also told OHSU that the contract could provide OHSU "some income that is pretty low maintenance."

Even if Dr. McLafferty's supervisors directed him to negotiate with OHSU, as he alleges, the VA Handbook is clear that employees with an imputed financial interest are prohibited from negotiating contracts. Dr. McLafferty could have negotiated if he had waived his disqualification by following the procedures outlined in 5 C.F.R. § 2635.402(d). However, Dr. McLafferty did not assert that he followed any of the listed procedures to obtain an exemption. The Handbook also states that the VA "requires a written opinion from Regional Counsel that an 'affiliated' physician or clinician may lawfully participate in the contract before participation occurs." Dr. McLafferty obtained no such opinion. As a result, there is substantial evidence that Dr. McLafferty engaged in a prohibited conflict of interest when he recommended and negotiated a contract in which he had an imputed financial interest.

**3. Retaliation Finding**. Substantial evidence also supports the VA's finding that Dr. McLafferty retaliated against Dr. Wheatley in a June 2014 Service Chief

6

Evaluation. Section 2302 prohibits "any employee who has authority" from taking any personnel action against an employee for exercising a grievance. 5 U.S.C. § 2302(b)(9). The June 2014 Service Chief Evaluation could qualify as a personnel action. *Mangano v. United States*, 529 F.3d 1243, 1247 (9th Cir. 2008) (stating that the "definition of 'personnel action' is, necessarily, broad."); *see also Babb v. Wilkie*, 140 S. Ct. 1168, 1173 (2020) (stating that Section 2302 covers "performance reviews").

In Dr. McLafferty's Service Chief Evaluation of Dr. Wheatley, Dr. McLafferty reported Dr. Wheatley's March 2014 suspension, despite knowing that the suspension was not reportable for any purpose. Dr. McLafferty also issued the evaluation one month after he found out that Dr. Wheatley had filed an EEO complaint against him, an event that Dr. McLafferty said upset or bothered him. These facts allow a reasonable mind to conclude that the June 2014 evaluation was a prohibited, retaliatory action against Dr. Wheatley.

**4. Termination as a sanction.** This court's review of the choice of sanction in an agency personnel decision is "extremely limited." *McClaskey v. U.S. Dep't of Energy*, 720 F.2d 583, 586 (9th Cir. 1983). The court should defer to the agency's judgment unless the penalty is "so harsh or disproportionate to the offense as to constitute an abuse of discretion." *Id.* (citing *Debose v. U.S. Dep't of Agric.*, 700 F.2d 1262, 1269 (9th Cir. 1983)). The penalty of dismissal should be

disregarded only when the violation is "extremely minor." *Id.* Dr. McLafferty's violations are not extremely minor, as termination is within the range of suggested remedies in the VA Handbook for these violations. Therefore, the VA did not abuse its discretion by terminating Dr. McLafferty.

**AFFIRMED.**